Maria De Jesus Magallon De
BAUTISTA, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–70560.

INS No. A44–584–899.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2003.*

Decided Nov. 7, 2003.

Daniel B. Dorfman, Indio, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, CAS-District Counsel, Office of the District Counsel, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, David J. Kline, Esq., Hugh G. Mullane, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM **

Petitioner Maria de Jesus Magallon de Bautista seeks review of an order of removal. The immigration judge ("IJ") and Board of Immigration Appeals ("BIA")

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

found that Petitioner was an arriving alien who was inadmissible under Immigration and Nationality Act § 212(a)(6)(E)(i), 8 U.S.C. § 1182(a)(6)(E)(i), because she had tried to smuggle her sister into the United States.

1. Substantial evidence supports the finding of the IJ and the BIA that Petitioner was advised of her rights before she gave a sworn statement. *See Hernandez–Montiel v. INS*, 225 F.3d 1084, 1090 (9th Cir.2000) (stating standard of review). For example, the arresting officer testified to his practice of giving such advice before questioning an alien. Petitioner's own notation of the time she signed an acknowledgment of her rights was consistent with the officer's testimony.

2. We do not need to decide whether the INS's efforts to produce Petitioner's sister were sufficient, because Petitioner has not shown prejudice. *See Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1226 (9th Cir.2002) (holding that, to succeed, due process challenges to deportation proceedings require a showing of prejudice). The statements made by Petitioner's sister memorialized in the I–213 were cumulative of those made by the Petitioner herself. Since the latter statements were properly admitted, Petitioner was not prejudiced even if her sister's statements were improperly admitted.

3. The IJ did not rule on the merits of removability before conducting a hearing. He simply admitted documents into evidence, subject to a later decision on the suppression motion, and ruled that the INS had made out a prima facie case that Petitioner would have to rebut in order to prevail.

PETITION DENIED.